FILED

2015 Jul-30  PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ALYCE LOUISE THOMAS, and**<br>**GREGORY WRIGHT, individually**<br>**and as representative of class,** | ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | )  **Case No.:  4:15-CV-315-VEH**<br> ) |
| **THOMAS ALEXANDER KING, in**<br>**his official capacity as Municipal**<br>**Judge, City of Gadsden, and**<br>**DONALD GARY TUCKER, in his**<br>**official capacity as City Prosecutor,**<br>**City of Gadsden,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## MEMORANDUM OPINION

### I.     Introduction and Procedural History

Plaintiffs initiated this lawsuit on February 20, 2015. (Doc. 1). The complaint seeks to "challenge what in essence is [allegedly] a debtor's prison system created by Defendants." (*Id.* at 1).

On June 29, 2015, the clerk's office notified Plaintiffs' attorney of record, Eric T. Hutchins ("Mr. Hutchins"), that because "he is not admitted to practice before this Court[, he needed to obtain] the Court's permission to appear Pro Hac Vice and pay a $50.00 fee within ten (10) days of filing any pleading or paper." (*See* CM/ECF staff

notes entry dated Mar. 9, 2015). Because Mr. Hutchins did not comply with this notice from the clerk's office, on June 29, 2015, the court entered an order (Doc. 15) directing Plaintiffs to show cause why their case should not be dismissed due to their counsel's failure to qualify himself to properly appear before this court. (*Id.* at 2).

Within this same order, the court directed Plaintiffs to show cause about the standing of Plaintiff The Ordinary People Society ("T.O.P.S.") to bring an action against Defendants pursuant to 42 U.S.C. § 1983 for any purported constitutional injuries to it. *Id.* The deadline for Plaintiffs to respond to the two issues contained in the court's show cause order ran on July 13, 2015, and this date passed without any timely filing from Plaintiffs.

Four days later, and without any acknowledgment that the filing was untimely, on July 17, 2015, Plaintiffs filed a Motion Showing Cause Why Plaintiff's Suit Should Not Be Dismissed Without Prejudice Due to Counsel's Failure To Qualify Himself Properly To Appear Before the Court (Doc. 16) (the "Late Response"). As explained more fully below, the court concludes that part of Plaintiffs' case is due to be dismissed without prejudice *sua sponte*.

## II.   Analysis

As the foregoing procedural history reveals, when Plaintiffs' initiated this lawsuit, their counsel was not qualified to appear as an attorney of record before this

court. In their Late Response, Plaintiffs' counsel reports that he "has filled out the application for general admission . . . and is submitting the application to the Clerk for the United States District Court for the Northern District of Alabama." (Doc. 16 ¶ 1). The clerk's office has confirmed that on July 23, 2015, it received and processed Mr. Hutchins's promised application.

While Mr. Hutchins's deficient status as counsel for Plaintiffs has now been cured, the Late Response completely ignores that portion of the show cause order which directed Plaintiffs to explain how Plaintiff T.O.P.S. has standing to pursue this action. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Further, case law reinforces that, as a result of Plaintiffs' failure to indicate an intent on the part of Plaintiff T.O.P.S. that it still wishes to pursue its claims against Defendants (*e.g.*, such as by seeking an extension of time in which to address the standing of Plaintiff T.O.P.S.), the court possesses the inherent power to dismiss that part of their case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

3

manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of its show cause order, Plaintiffs were put on notice that the court was considering whether to dismiss Plaintiff T.O.P.S.'s claims against Defendants due to the absence of standing and, nonetheless, they (through their counsel) ignored that warning, missed the show cause deadline, and filed an inadequate Late Response (without even seeking leave to do so), the contents of which totally fail to address the issue of standing identified by the court.

Furthermore, despite allowing Mr. Hutchins additional time to submit his attorney application referenced in the Late Response, he still has, inexplicably, failed to address Plaintiff T.O.P.S.'s standing. *Cf. Moon*, 863 F.2d at 838 n.5 (recognizing that "a plaintiff who ignore[s] notices and orders of the court [is not] excused . . ." even when such person is a *pro se* litigant (emphasis added) (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980)));[1] *cf. also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Plaintiff T.O.P.S.'s claims against Defendants "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as that type of a dismissal is the only one appropriate for jurisdictionally-driven rulings. *See Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))); *Stalley*, 524 F.3d at 1232 ("Because standing is jurisdictional, a dismissal for lack of standing has the same

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotation marks omitted) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991))); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.").

Additionally, such a dismissal is consistent with the express wording of the court's forewarning included in its show cause order. (*See* Doc. 15 at 2 ("Plaintiffs are also **HEREBY ORDERED** to **SHOW CAUSE** . . . why T.O.P.S. should not be dismissed <u>without prejudice</u> as a party plaintiff ….")) (emphasis by underlining added).

## III.   Conclusion

Therefore, Plaintiff T.O.P.S.'s claims against Defendants are due to be dismissed without prejudice due to its failure to demonstrate standing and, alternatively, due to Plaintiffs' failure to prosecute that part of their case as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's June 29, 2015, show cause order. The court will enter a separate order of partial dismissal in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 30th day of July, 2015.


_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge