## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ALYCE LOUISE THOMAS, and GREGORY WRIGHT, individually and as representative of class,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No.: 4:15-CV-315-VEH |
| **THOMAS ALEXANDER KING, in his official capacity as Municipal Judge, City of Gadsden, and DONALD GARY TUCKER, in his official capacity as City Prosecutor, City of Gadsden,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

### I.   **Introduction and Procedural History**

Plaintiffs initiated this civil rights lawsuit on February 20, 2015. (Doc. 1). Plaintiffs sued Defendants Thomas Alexander King ("Judge King") and Donald Gary Tucker ("City Prosecutor Tucker") in their official capacities for alleged unconstitutional conduct, including the claimed improper incarceration of indigent defendants for minor traffic violations. (Doc. 1 at 1 ¶ 1).

On March 17, 2016, Judge King filed a Motion To Compel (Doc. 21) seeking an order requiring Plaintiffs to provide him with their overdue initial disclosures and

written discovery responses. *Id.* at 1. The court held a hearing on April 14, 2016, and granted Judge King's Motion To Compel on April 15, 2016. (Doc. 26). Pursuant to this order, the deadline for Plaintiffs to comply with their overdue discovery obligations was "no later than June 14, 2016." *Id.* at 1. Further, the court forewarned Plaintiffs that "<u>if they fail[ed] to meet the June 14, 2016, deadline in a manner that fully complies with their discovery obligations, then the court will dismiss their case with prejudice as a sanction, if one or both of the defendants file a motion requesting that relief</u>." *Id.* at 2.

In the Joint Motion (Doc. 27), Defendants request that relief. They report that Plaintiffs have not substantially complied with the court's order compelling them to cure their discovery deficiencies and seek a dismissal of Plaintiffs' case with prejudice as a sanction for their misconduct. On June 21, 2016, the court entered an order directing Plaintiffs to show cause, no later than July 11, 2016, why the Joint Motion should not be granted. (Doc. 28). This deadline passed without any filing from Plaintiffs. Seven days later, on July 18, 2016, Plaintiffs filed a response. (Doc. 29). Defendants filed a reply (Doc. 31) on August 1, 2016. For the reasons explained below, the Joint Motion is due to be granted.

## II.   Analysis

As the foregoing procedural history reveals, Plaintiffs have neither complied

with their discovery obligations as previously compelled by this court nor provided any explanation for their non-compliance. Plaintiffs also have not demonstrated good cause for denying the Joint Motion. In particular, while the two-page response informs the court about several medical issues that have negatively affected Plaintiffs' counsel, nowhere in the response do Plaintiffs address how they intend to cure their substantial discovery deficits. In contrast, Defendants' eight-page reply with over 30 pages of substantiating attachments casts serious doubts upon the legitimacy of Plaintiffs' counsel's excuses and solidifies the merits of their Joint Motion. (*See, e.g.*, Doc. 31 at 7 ¶ 8 ("Counsel's activities have been prolific throughout the State of Alabama, and he has clearly met with the plaintiffs; yet the undisputed discovery deficiencies in this case persist in violation of this Honorable Court's order.") (emphasis in original)).

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id.*

Further, case law reinforces that, as a result of Plaintiffs' pattern of non-compliance with their discovery obligations and related orders as well as the absence

of any indication on the record that they still wish to pursue their claims against Defendants (*e.g.*, such as by providing supplemental discovery responses to Defendants by the court's show cause deadline of July 11, 2016), the court possesses the inherent power to dismiss their suit *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure [sic] prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of

4

discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order compelling Plaintiffs to provide their overdue initial disclosures and other written discovery to Judge King, Plaintiffs were expressly put on notice that the court would consider dismissing their lawsuit with prejudice as a sanction if they failed to timely and adequately comply. (Doc. 26 at 2).

Nonetheless, they ignored that warning and served incomplete and improper responses to Judge King's discovery requests. (Doc. 27 at 4-7 ¶¶ 9-10). Additionally, Plaintiffs have not ever served responses to City Prosecutor Tucker's written discovery served on February 11, 2016. (*Id.* at 3 ¶ 7; *id.* at 2 ¶ 3). Furthermore, Plaintiffs missed meeting the deadline to show cause why Defendants' Joint Motion should not be granted and their late response cured nothing and failed to advance this litigation in any appreciable fashion.

Guided by the foregoing legal framework and in light of this lawsuit's procedural record, the court concludes that granting Defendants' Joint Motion and dismissing Plaintiffs' action "with prejudice" (rather than "without prejudice") is the appropriate measure to take. No lesser sanction reasonably promises an acceptable turnaround in Plaintiffs' prosecution of their case. In particular, and <u>despite being represented by counsel</u>, Plaintiffs have engaged in a neglectful pattern of non-

compliance with their discovery obligations as well as a flagrant disregard of separate orders compelling their compliance with the discovery rules and directing them to show cause why their lawsuit should not be dismissed in light of Defendants' Joint Motion. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) (Even though a *pro se* litigant is generally afforded greater latitude than a represented party, "[w]hen the record clearly demonstrates that a [*pro se*] plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Additionally, a "with prejudice" dismissal is consistent the court's prior warning to Plaintiffs about the negative consequences for them in the event that they did not timely and adequately cure their discovery deficiencies as unambiguously ordered. (Doc. 26 at 2).

### III.  Conclusion

Therefore, Defendants' Joint Motion is due to be granted and Plaintiffs' complaint is due to be dismissed with prejudice. The court will enter a separate final judgment order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 3rd day of August, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge
